# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN, | CASE NO. 1:08-cv-00415-LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN DEFENDANTS BE DISMISSED |
| v. | |
| JEANNE S. WOODFORD, et al., | (Doc. 1) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      Screening Order**

Plaintiff Claudell Earl Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on March 21, 2008.  (Doc. 1.)

On December 16, 2008, the court issued a screening order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against 1) defendants McGuinness and Patel Ismail for deliberate indifference to serious medical needs in violation of the Eighth Amendment and 2) defendants J. Gonzales, R. Fisher, R. Thomas, K. Reed, E. Henry, and J. Flory for retaliation in violation of the First Amendment.   However, the court found that plaintiff's allegations do not give rise to any claims for relief against Defendants Nurse John Doe, MTA L. Garcia, Gricewich, Sergeant Sobbe, CMO Youssef, Jeanne Woodford, and N. Grannis.  The court ordered plaintiff to either file an amended complaint or notify the court that

he wishes to proceed only on his Eighth Amendment claims. On December 4, 2003, plaintiff notified the court that he does not wish to amend and wishes to proceed only his cognizable claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

.'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### C. **Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Corcoran State Prison ("CSP") in Corcoran, California. Plaintiff was formerly imprisoned at Kern Valley State Prison ("KVSP"), also known as Delano II, in Delano, California, where the acts he complains of occurred. Plaintiff names as defendants: Director of California Department of Corrections and Rehabilitation ("CDCR") Jeanne S. Woodford; Chief Appeal Officer N. Grannis; Doctor McGuinness at KVSP; B. Gricewich, CC II Appeal Coordinator at KVSP; Nurse John Doe at KVSP; MTA L. Garcia at KVSP; Doctor Patel Ismail at KVSP; Sergeant Sobbe at KVSP; Correctional Captain John Doe and J. Gonzales at KVSP; Facility Captain R. Fisher; R. Thomas, C&PR at KVSP; G. Garcia and

1  E. Henry, CCII at KVSP; K. Reed, Captain at KVSP; and J. Flory, CCI at KVSP.[1]

2        Plaintiff alleges the following. Plaintiff has heart-related problems. Plaintiff arrived at
3  KVSP on August 5, 2005. Defendant McGuinness examined Plaintiff and prescribed a plan of
4  treatment, including medication for Plaintiff. Plaintiff had only a couple of days of medication
5  when he arrived. Plaintiff did not receive his medication and filed a grievance. Plaintiff's
6  grievance was granted. Plaintiff did not receive all of his medication, however, and resubmitted
7  his grievance, which defendant Gricewich screened out as being a duplicate grievance. Plaintiff
8  did not act for a year. (Doc. 1, pp. 8-9.)

9        On August 1, 2006, Plaintiff felt he was choking on his meal. Officer Ortiz called the
10 medical department. Defendant L. Garcia arrived and told Plaintiff that medical department
11 would not respond unless Plaintiff was blue in the face or passed out on the floor. Plaintiff then
12 filed a grievance, complaining of the unprofessional conduct and the denial of his heart
13 medication. Defendant Patel Ismail reinstated the medication that had been denied, but could not
14 act against defendant L. Garcia because it was beyond the scope of the medical department.
15 Plaintiff appealed this decision. Defendant A. Youssef denied the appeal at the second level, and
16 defendant N. Grannis denied his appeal at the third level. (Id., pp. 9-11.)

17       While Plaintiff was filing his medical appeals, Plaintiff was switched from a skilled paid
18 position to a lesser paid position. Plaintiff grieved this job change on February 1, 2007. On

---

[1] On November 19, 2008, Plaintiff filed a supplemental pleading requesting to add Doctor Loadholt of CSP as a defendant to his original complaint. (Doc. 11.) Plaintiff is advised that "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be . . . complete in itself without reference to the prior or superseded pleading." Local Rule 15-220. Plaintiff's supplemental pleading would violate this rule.

Further, Plaintiff's supplemental pleading would violate Federal Rule of Civil Procedure 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The Court has read Plaintiff's "Supplement Pleadings" and finds that the allegations raised therein are unrelated to the allegations in the original complaint. Plaintiff alleges that defendant Loadholt retaliated against him by denying him medication because he filed a grievance against her regarding her medical treatment. This alleged action occurred at Corcoran State Prison, not Kern Valley State Prison, and is unrelated to the events alleged in Plaintiff's original complaint. The Court will thus not consider the supplemental pleadings in screening Plaintiff's original complaint. Plaintiff is advised that if he wishes to pursue an action against Loadholt, he should file a separate civil rights complaint.

February 5, 2007, Plaintiff appeared before the KVSP general population inmate classification committee, comprised of defendants J. Gonzalez, R. Fisher, R. Thomas, G. Garcia. The committee elected to refer Plaintiff's case to DRB and continued Plaintiff's current program until DRB made a decision. Plaintiff was then moved to another facility, and subsequently lost another job. Plaintiff's grievance was partially granted at the informal level on February 20, 2007. However, because of the alleged retaliation, Plaintiff appealed to the first level. On March 27, 2007, defendant Sobbe found that Plaintiff had been adversely affected. Plaintiff's grievance was fully granted. (Id., pp. 11-12.)

Plaintiff filed a grievance against defendants K. Reed, E. Henry, and J. Flory for transferring Plaintiff from KVSP to Centinela State Prison. Plaintiff claims this was done to chill Plaintiff's attempts to seek redress for his medical grievances. (Id., p. 12.)

Plaintiff claims deliberate indifference to a serious medical need, retaliation, and a violation of Plaintiff's due process. Plaintiff seeks monetary damages, injunctive relief preventing further transfer, testing for Plaintiff's chest pain, and a jury trial.[2]

### D.    Plaintiff's Claims

#### 1.    *Eighth Amendment - Medical*

Plaintiff alleges that defendants Doctor McGuinness, Nurse John Doe, MTA L. Garcia, Doctor Patel Ismail, and Chief Medical Officer A. Youssef violated Plaintiff's Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further

---

[2] Plaintiff had requested a jury trial in the caption of his complaint, filed on March 21, 2007, (Doc. 1), as well as in supplemental pleadings filed on November 19, 2008. (Doc. 11.) Since Plaintiff's complaint already contains a demand for jury trial, Plaintiff's supplemental pleadings are unnecessary.

5

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id. (citing McGuckin at 1060 (internal quotations omitted)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.

### (A) McGuinness

Defendant McGuinness allegedly prescribed a plan of treatment for Plaintiff's heart issues, but Plaintiff failed to receive his medication until a month later.  Further, Plaintiff allegedly received only a portion of the medication that had been ordered by an outside cardiac specialist.  Plaintiff alleges that McGuinness knew Plaintiff's medication was life-sustaining and his failure to provide the medication could cause irreversible damage and death.  (Doc. 1, pp. 12-13.)  Plaintiff's allegations state a cognizable Eighth Amendment claim against defendant McGuinness under § 1983.

### (B) Nurse John Doe and MTA L. Garcia

Plaintiff alleges a violation of CDCR policy and regulations by defendants Nurse John Doe and MTA L. Garcia.  Plaintiff alleges that he felt he was choking, and asked to see medical

department.  MTA L. Garcia allegedly made a mere observation of Plaintiff's health and did not follow other CDCR procedure.  (Doc. 1, pp. 14-16.)

Plaintiff's allegations here do not rise to the level of deliberate indifference to a serious medical need as opposed to mere negligence, indifference, or medical malpractice.  Broughton, 622 F.2d at 460.  Plaintiff's allegations against John Doe and MTA L. Garcia fail to state a cognizable Eighth Amendment claim under § 1983.

### (C) Patel Ismail

Plaintiff alleges that defendant Patel Ismail was responsible for prescribing Plaintiff's medication.  Plaintiff alleges that Ismail failed to check in with Plaintiff for over a year, depriving Plaintiff of some of his medication.  Plaintiff alleges that Ismail failed to follow Plaintiff's prescribed plan of treatment despite possessing it.  Plaintiff alleges possible death because of Ismail's failure to follow the treatment plan prescribed by the heart specialist  (Doc. 1, pp. 16-18.)

Plaintiff has stated a cognizable Eighth Amendment claim against defendant Patel Ismail for deliberate indifference to a serious medical need.

### (D) CMO Youssef

Plaintiff seeks to impose liability on defendant Chief Medical Officer Youssef.  Youssef allegedly failed to adequately train and supervise medical staff. (Doc. 1, pp. 24-25.)

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

1   Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d
2   1040, 1045 (9th Cir. 1989).
3     Additionally, the argument that anyone who knows about a violation of the Constitution,
4   and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause
5   or participate in the violations are responsible. Ruling against a prisoner on an administrative
6   complaint does not cause or contribute to the violation. A guard who stands and watches while
7   another guard beats a prisoner violates the Constitution; a guard who rejects an administrative
8   complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-
9   10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v.
10  McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th
11  Cir.1996). Although federal pleading standards are broad, some facts must be alleged to support
12  claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168
13  (1993).
14    Based on Plaintiff's allegations, Plaintiff fails to state a cognizable Eighth Amendment
15  claim under § 1983 against defendant CMO Youssef solely because of his supervisory role.
16       **2.**   ***Retaliation***
17    Plaintiff alleges that defendants Gricewich, J. Gonzales, R. Fisher, R. Thomas, G. Garcia,
18  K. Reed, E. Henry, and J. Flory retaliated against Plaintiff for the filing of his grievance forms.
19    Allegations of retaliation against a prisoner's First Amendment rights to speech or to
20  petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532
21  (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.
22  Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First
23  Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some
24  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
25  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
26  not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-
27  68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file
28  a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d

8

1283, 1288 (9th Cir. 2003).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

**(A) Gricewich**

Plaintiff alleges that defendant Gricewich retaliated against Plaintiff when he rejected Plaintiff's second grievance as a duplicate appeal. (Doc. 1, pp. 19-20.)

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

9

entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Merely by ruling against Plaintiff in a grievance procedure is not sufficient to allege an adverse action. Plaintiff thus fails to state a cognizable retaliation claim against defendant Gricewich.

### (B) J. Gonzales, R. Fisher, and R. Thomas

Plaintiff alleges that Gonzales, Fisher, and Thomas retaliated against Plaintiff by their action as a classification committee. Plaintiff alleges that he had been told he would continue in his present program pending the outcome of DRB review. Plaintiff alleges that he was not informed that he would be moved to another facility. Plaintiff subsequently lost his job. Plaintiff alleges that he lost his job because Plaintiff filed grievances. (Doc. 1, pp. 20-22.)

Plaintiff states a cognizable retaliation claim under § 1983 against J. Gonzales, R. Fisher, and R. Thomas.

### (C) K. Reed, E. Henry, J. Flory

Plaintiff alleges that defendants Reed, Henry, and Flory as a committee transferred Plaintiff to Centinela State Prison on April 24, 2007. Plaintiff alleges that he had just prevailed on a retaliation claim, and that defendants took this opportunity to transfer Plaintiff. (Doc. 1, pp. 22-23.)

Plaintiff states a cognizable retaliation claim under § 1983 against K. Reed, E. Henry, and J. Flory.

### 3.   *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names Sergeant Sobbe as a defendant, but fails to link any affirmative act or omission by her to an alleged violation of Plaintiff's federal rights. Plaintiff thus fails to state a cognizable § 1983 claim against Sobbe.

### 4.   *Due Process - Inmate Appeals*

Plaintiff alleges that defendant CMO Youssef violated Plaintiff's due process rights in his handling of Plaintiff's grievance against Patel, John Doe, and L. Garcia. (Doc. 1, pp. 24-25.) As stated previously regarding defendant Gricewich, the prison inmate appeal process is a procedural right only, and confers no substantive rights on prisoners. Buckley, 997 F.2d at 495. Further, Plaintiff has no liberty interest because he is not entitled to a specific grievance procedure. Ramirez, 334 F.3d at 860. Plaintiff thus fails to state a cognizable due process claim under § 1983 against defendant Youssef.

### 5.   *Supervisory Liability*

Plaintiff names Jeanne S. Woodford, and N. Grannis as defendants and seeks to impose liability on them because of their supervisory role. (Doc. 1, p. 25.) As stated previously, supervisory personnel are generally not liable under a respondeat superior theory. Plaintiff fails to allege that the defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. Plaintiff thus fails to state a cognizable claim upon which relief may be granted under § 1983 against Woodford or

Grannis.

## II. Conclusion

Plaintiff has stated a cognizable claim against 1) defendants McGuinness and Patel Ismail for deliberate indifference to serious medical needs in violation of the Eighth Amendment and 2) defendants J. Gonzales, R. Fisher, R. Thomas, K. Reed, E. Henry, and J. Flory for retaliation in violation of the First Amendment. However, the court finds that plaintiff's allegations do not give rise to any claims for relief based against the remaining defendants. The court provided plaintiff with the opportunity to file an amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants McGuinness, Patel Ismail, J. Gonzales, R. Fisher, R. Thomas, K. Reed, E. Henry, and J. Flory on plaintiff's cognizable claims identified above; and

2. Defendants Nurse John Doe, MTA L. Garcia, Gricewich, Sergeant Sobbe, CMO Youssef, Jeanne Woodford, and N. Grannis be dismissed from this action for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 6, 2009**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE