1

2

3

4

5

6             **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    CLAUDELL EARL MARTIN,                    CASE NO. 1:08-cv-00415 LJO DLB PC

10                    Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF
11        vs.                                 DEFENDANTS GONZALES AND REED
                                             FROM ACTION, WITHOUT PREJUDICE
12   JEANNE S. WOODFORD, et al.,              OBJECTIONS, IF ANY, DUE IN 30 DAYS

13                    Defendants.
14   _____/

15

16        Plaintiff Claudell Earl Martin ("plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

18   complaint, filed on March 21, 2008. (Doc. 1.)  On January 6, 2009, the court ordered plaintiff to provide

19   information to facilitate service of process on defendants by filling out and submitting to the court a

20   USM-285 form and a summons for each defendant to be served.  (Doc. 15.)  Plaintiff submitted the

21   required documents and on February 3, 2009, the court directed the United States Marshal to initiate

22   service on eight defendants. (Doc. 17.)  Three of the eight defendants subsequently made an appearance

23   in this action.  (Doc. 33.)  However, the Marshal was unable to locate and serve defendants Fisher,

24   Gonzales, Reed and McGuiness, and on April 2, 2009, the Marshal returned the USM-285 forms to the

25   court.[1] (Docs. 21-24.)  On March 13, 2009, the court ordered plaintiff to show cause within thirty days

26   why defendants Reed and Gonzales should not be dismissed from this action. (Docs. 25, 26.)  Plaintiff

27   _____

28        [1] By order issued concurrently, the Court has directed the United States Marshal to re-attempt service on defendants
     McGuinness and R. Fisher.

                                                    1

1  filed responses on May 4 and May 15, 2009. (Docs. 31, 32.)

2          Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

3      If a defendant is not served within 120 days after the complaint is filed, the court - on
       motion or on its own after notice to the plaintiff - must dismiss the action without
4      prejudice against that defendant or order that service be made within a specified time.
       But if the plaintiff shows good cause for the failure, the court must extend the time for
5      service for an appropriate period.

6          In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order

7  of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated

8  pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

9  summons and complaint and ... should not be penalized by having his action dismissed for failure to

10  effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v.

11  Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.

12  1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner

13  has furnished the information necessary to identify the defendant, the marshal's failure to effect service

14  is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d

15  598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate

16  and sufficient information to effect service of the summons and complaint, the court's sua sponte

17  dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

18          In this instance, the addresses provided by Plaintiff for defendants K. Reed and J. Gonzales are

19  no longer accurate.  For both defendants, the returned USM-285 forms indicate that there are no

20  employees by those names employed at the facility, and neither defendant is listed in the CDC locator.

21  (Docs. 22, 24.)

22          In response to the orders to show cause, Plaintiff states that the U.S. Marshal did not indicate

23  whether other means were available to effect service. Specifically, Plaintiff states that the U.S. Marshal

24  can 1) do a follow-up to gain further information (e.g., a home address); 2) subpoena personnel records;

25  or 3) request their whereabouts through the Attorney General's Office.  Plaintiff further argues that it

26  would be an injustice to dismiss the defendants from this action when Plaintiff states cognizable claims

27  against them and has provided the U.S. Marshal with defendants' last known work addresses.  Further,

28  given the lengthy administrative process required to be completed prior to filing suit, Plaintiff cannot

1  maintain accurate accounts of defendants' whereabouts.  Plaintiff also states that the Court should allow

2  Plaintiff to pursue discovery to find out the whereabout of the defendants.

3      The Court is mindful that Plaintiff is incarcerated and proceeding pro se.  However, it remains

4  Plaintiff's responsibility to provide the U. S. Marshal with accurate and sufficient information to effect

5  service.   The USM-285 forms indicate that neither defendant Reed or Gonzales are listed in the CDC

6  locator, and it is this Court's understanding that this notation means that the defendants are no longer

7  employed with CDC.

8      In response to Plaintiff's request that the Court allow discovery in order to find the defendants,

9  the Court notes that defendants R. Thomas, E. Henry and J. Flory have appeared in this action and the

10  discovery phase of this litigation is now open.  Plaintiff is not precluded from attempting to discern the

11  whereabouts of defendants Reed and Gonzales through discovery.  Furthermore, the deadline to amend

12  pleadings has not yet expired, and Plaintiff may seek leave to amend when he is able to locate the other

13  defendants.

14  **Conclusion and Recommendations**

15      Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY

16  RECOMMENDED that defendants K. Reed and J. Gonzales be dismissed from this action, without

17  prejudice.

18      These Findings and Recommendations will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

20  after being served with these Findings and Recommendations, the parties may file written objections

21  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

22  Recommendations."  The parties are advised that failure to file objections within the specified time may

23  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24

25      IT IS SO ORDERED.

26    **Dated:   June 19, 2009**        **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE
27

28

3