**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAUDELL EARL MARTIN,<br><br>         Plaintiff,<br><br>    vs.<br><br>JEANNE WOODFORD, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:08-cv-00415 LJO DLB PC<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION; MOTION FOR COURT APPOINTED EXPERT<br><br>(Docs. 10, 43) |

Plaintiff Claudell Earl Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Motion for Reconsideration**

On March 26, 2008, the Court issued an order denying Plaintiff's motion for appointment of counsel. Plaintiff seeks reconsideration.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district

court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Again, the Court does not find exceptional circumstances. See Rand, 113 F.3d at 1525. Plaintiff's case is not exceptional and the Court is faced with similar cases almost daily. Plaintiff's motions for reconsideration are denied.

**II.   Motion for Court Appointed Expert**

Plaintiff requests the appointment of a independent cardiologist to diagnose Plaintiff's continuous chest pain.

The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise..."

Fed. R. Evid. 702.

The Court finds that the legal issues involved in this action are not particularly complex. See Walker at 1071 (finding that the district court's decision to appoint an independent expert to assist the court in evaluating contradictory evidence about an elusive disease of unknown origin was appropriate); see also Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997) (trier of fact's determination of deliberate indifference not so complicated that an expert was required to establish pro se inmate's case). The decision whether or not to admit expert testimony does not rest upon the existence or strength of the expert's opinion but rather whether the expert testimony will assist the trier of fact in drawing its own conclusion as to a fact in issue. United States v. Rahm, 993 F.2d 1405, 1412 (9th Cir. 1993). Here, the court finds that the issues are not so complex as to require the testimony of an expert witness to assist the trier of fact.

In addition, Plaintiff is proceeding in forma pauperis and is, presumably, unable to compensate an expert witness. Pursuant to Rule 706, the court has discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. Fed. R. Evid. 706(b). In instances such as this, where the government would likely bear the cost, the court should exercise caution. The court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before this court.

For the foregoing reasons, Plaintiff's motion for a court appointed expert is denied.

IT IS SO ORDERED.

Dated:   **August 19, 2009**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE