1
2
3
4
5
6
7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  CLAUDELL EARL MARTIN,                         CASE NO. CV F 08-415 LJO DLB PC

12            Plaintiff,                          **RECONSIDERATION ORDER**
                                                  (Doc. 50.)
13       vs.

14  JEANNE S. WOODFORD, et. al.,

15            Defendants.
    _____/

16

17                              **INTRODUCTION**

18       In this inmate civil rights action, pro se plaintiff Claudell Earl Martin ("plaintiff") seeks

19  reconsideration of the magistrate judge's order denying plaintiff's motion for appointment of counsel.

20  For the reasons discussed below, this Court DENIES plaintiff reconsideration.

21                              **BACKGROUND**

22       United States Magistrate Judge Dennis Beck issued his August 20, 2009 order ("August 20

23  order") to address plaintiff's request.  On September 11, 2009, plaintiff filed a motion to reconsider the

24  August 20 order.

25                              **DISCUSSION**

26                      **Timeliness of Reconsideration Attempt**

27       This Court's Local Rule 72-303(b) addresses timing to seek reconsideration:

28            Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought

                                        1

1  from the Court within ten (10) court days calculated from the date of service of the ruling
2  on the parties . . ."

3      The August 20 order was served on plaintiff on August 20, 2009.  Plaintiff had filed a motion
4  for thirty day extension of time for reconsideration.  This Court assumes without deciding that plaintiff's
5  motion for reconsideration is timely.  This Court will turn to the merits of reconsideration of the August
6  20 order.

7                                    **Merits**

8      Motions to reconsider are committed to the discretion of the trial court.  *Rodgers v. Watt*, 722
9  F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.
10  1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature to
11  induce the court to reverse a prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*,
12  634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514
13  (9th Cir. 1987).  This Court's Local Rule 78-230(k) requires a party seeking reconsideration to
14  demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or
15  were not shown upon such prior motion, or what other grounds exist for the motion."

16      This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly
17  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  As
18  such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly
19  erroneous or contrary to law.  Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*,
20  951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are
21  reviewed for clear error under Rule 72(a)).  "Under this standard of review, a magistrate's order is
22  'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and
23  firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to
24  apply or misapplies relevant statutes, case law or rules of procedure."  *Yent v. Baca*, 2002 WL 32810316,
25  at *2 (C.D. Cal. 2002).  "The reviewing court may not simply substitute its judgment for that of the
26  deciding court."  *Grimes*, 951 F.2d at 241.  A district court is able to overturn a magistrate judge's ruling
27  "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"
28  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting

2

1  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

2        Plaintiff argues that he should be appointed counsel because his circumstances are exceptional

3  and he is likely to succeed on the merits.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

4  While plaintiff has stated a claim, that is not necessarily an indication of likelihood of success on the

5  merits. Even assuming plaintiff has a likelihood of success, this Court disagrees that his circumstances

6  are exceptional.  Having reviewed the court record, this Court finds t hat the legal issues presented are

7  not sufficiently complex to justify appointment of counsel.  Plaintiff's issues of needing assistance from

8  other inmates and difficulties during discovery are not more exceptional than the circumstances facing

9  other prisoner litigants in civil actions.  Clearly, any pro se litigant would be better served with the

10  assistance of counsel, but that is not the test.  *Id.*  Plaintiff appears capable of articulating his positions.

11  This Court finds that the Magistrate Judge's August 20 order was not clearly erroneous or contrary to

12  law.

13  **CONCLUSION AND ORDER**

14        For the reasons discussed above, plaintiff fails to substantiate the burden for reconsideration of

15  the August 20 order, and this Court DENIES plaintiff's request for reconsideration.

16

17

18  IT IS SO ORDERED.

19  **Dated:   November 17, 2009**                    /s/ Lawrence J. O'Neill
20                                     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28