1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  CLAUDELL EARL MARTIN,                    CASE NO. 1:08-cv-00415-LJO-DLB PC

11              Plaintiff,                   ORDER GRANTING IN PART AND
                                            DENYING IN PART MOTION TO COMPEL
12      v.
                                            (Doc. 61)
13  WOODFORD, et al.,

14              Defendants.

15  _____/

16

17                              **Order**

18  **I.    Background**

19      Plaintiff Claudell Earl Martin ("Plaintiff") is a state prisoner proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

21  on Plaintiff's complaint, filed March 21, 2008, against Defendants McGuinness, Patel Ismail, R.

22  Fisher, R. Thomas, E. Henry, and J. Flory.[1]  Pending before the Court is Plaintiff's motion to

23  compel further response to Plaintiff's discovery requests, filed November 23, 2009.  (Doc. 61.)

24  On January 14, 2010 Defendants filed their opposition.  (Doc. 67.)  On January 15, 2010,

25  Defendants filed an amended document to their opposition.  (Doc. 68.)  Plaintiff did not file a

26  reply.  The matter is deemed submitted pursuant to Local Rule 230(l).

27  _____

28      [1]  All other defendants were dismissed.  Defendants Gonzales and K. Reed was dismissed for failure to
provide information sufficient for the United States Marshal to initiate service of process.

1

1  II.     **Analysis**

2          **A.     Admissions**

3          Plaintiff moves to compel further response to the request for admissions addressed to

4  Defendant Thomas.  (Doc. 61, Pl.'s Mot. To Compel ¶¶ 3-5.)  Defendants contend that Plaintiff's

5  admission requests are all in the form of questions, which makes them interrogatories.

6  Defendants contend that Defendant Thomas did not have to respond.  However, Defendant

7  Thomas did attempt to respond where Plaintiff's request contained a material fact, by converting

8  the question into an admission and responding as fully as possible.  Defendant responded to

9  Requests Nos. 1 through 4.  (Doc. 62, pp. 32-38.)

10         Defendants are correct that Plaintiff's requests for admission are in the form of a

11 question.  The purpose of a request for admission is to eliminate issues that are not in dispute

12 between the parties.  Asea, Inc. v. Southern Pacific Transport Co., 669 F.2d 1242, 245 (9th Cir.

13 1981).  Thus, requests for admissions are not principally discovery devices and should not be

14 used as a substitute for other discovery processes to uncover evidence.  Safeco Ins. Co. of Am. v.

15 Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  Defendants responded to Requests for

16 Admissions Nos. 1 through 4.  Accordingly, the Court finds Defendants' responses to be

17 sufficient and will not compel a further response.

18         Because Plaintiff is proceeding pro se, the Court will grant Plaintiff leave to re-submit

19 requests for admission Nos. 5 through 9 as to Defendant Thomas and extend the discovery

20 deadline for this purpose.  Plaintiff must style the request in the form of an admission, and not an

21 interrogatory.  The admission request should be short and concise, for the purpose of eliminating

22 issues that are not in dispute between the parties.  Plaintiff is granted thirty (30) days from the

23 date of service of this order in which to re-submit his requests for admission Nos. 5 through 9,

24 Set one, to Defendant Thomas.  Defendant Thomas will then have twenty (20) days from the date

25 of service of the admission requests in which to serve his response.  A motion to compel, if any,

26 is due within (20) days after the responses are served.

27

28

1   **B.      Interrogatories**

2        Plaintiff moves to compel further responses from Defendant Patel to Interrogatories Nos.

3   5 through 7, Set One.

4   <u>Interrogatory 5:</u>          What is the policy with in CDC; the state and federal law; where it
                                      concern inmates right to immediate medial treatment"?
5
6   <u>Response:</u>                 Defendants object to this interrogatory on the grounds that it is compound,
                                      calls for a legal opinion, and is not reasonably calculated to lead to the
                                      discovery of admissible evidence.  Without waiving their objections,
7                                     Defendant responds as follows: see Cal. Code Regs. tit. 15 §§ 3350-
                                      3369.5.
8

9        Defendant responded to Plaintiff's interrogatory by referring him to the relevant sections

10  of the California Code of Regulations.  The Court finds this to be a sufficient response to

11  Plaintiff's interrogatory and will not require Defendant Patel to provide a further response.

12  <u>Interrogatory 6:</u>          Explain in detail how you made every effort to see Plaintiff receive his
                                      medications and routine check ups from 2005-2006?
13
14  <u>Response:</u>                 Defendant objects to this interrogatory on the grounds that it lacks
                                      foundation.  Without waiving their objections, Defendant responds as
                                      follows: I do not recall Plaintiff and his medical records are not available
15                                    to me because he is no longer housed at North Kern State Prison.
                                      Plaintiff's medical records are available for review through institutional
16                                    procedures at California State Prison - Corcoran.

17       Defendant responded to Plaintiff's interrogatory by stating that Defendant has no personal

18  recollection of Plaintiff.  Defendant also referred Plaintiff to review his medical records through

19  institutional procedures at CSP-Corcoran.  The Court finds this to be a sufficient response and

20  will not require Defendant Patel to provide a further response.

21       **<u>However, Defendant Patel will be limited by this response in offering evidence to</u>**

22  **<u>support any contention that he provided adequate medical care to Plaintiff or to counter</u>**

23  **<u>any evidence or contention by Plaintiff that Patel's care was inadequate.</u>**

24  <u>Interrogatory 7:</u>          Describe how you believe this situation could have happin where you did
                                      not "evaluate" a heart patient in over a years time?
25
26  <u>Response:</u>                 Defendant objects to this interrogatory on the grounds that it lacks
                                      foundation and is incomprehensible.

27       Defendant contends that this interrogatory is incomprehensible and Plaintiff makes no

28  attempt to explain what information he is seeking.  Plaintiff generally contends that his discovery

3

1 requests are relevant.  However, Plaintiff does not explain what he means by this interrogatory.

2 Because Plaintiff is proceeding pro se, the Court will grant Plaintiff leave to re-serve

3 Interrogatory No. 7, Set One, on Defendant Patel.  Plaintiff is granted thirty (30) days from the

4 date of service of this order in which to re-submit Interrogatory No. 7, Set One, on Defendant

5 Patel.  Defendant Patel will then have twenty (20) days from the date of service of the

6 interrogatory in which to serve a response.  A motion to compel, if any, is due within twenty (20)

7 days after the response is served.

8      **C.    Production Of Documents**

9      In responding to discovery requests, Defendants must produce documents which are in

10 their "possession, custody or control."  Fed. R. Civ. P. 34(a).  Actual possession, custody or

11 control is not required, however.  "A party may be ordered to produce a document in the

12 possession of a non-party entity if that party has a legal right to obtain the document or has

13 control over the entity who is in possession of the document.  <u>Soto v. City of Concord</u>, 162

14 F.R.D. 603, 620 (N.D. Cal. 1995).  As this Court explained in <u>Allen v. Woodford</u>, 2007, U.S.

15 Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and

16 quotations omitted):

17      Property is deemed within a party's possession, custody, or control if the party has
     actual possession, custody, or control thereof or the legal right to obtain the
18      property on demand.  A party having actual possession of documents must allow
     discovery even if the documents belong to someone else; legal ownership of the
19      documents is not determinative.  Control need not be actual control; courts
     construe it broadly as the legal right to obtain documents upon demand.  Legal
20      right is evaluated in the context of the facts of each case.  The determination of
     control is often fact specific.  Central to each case is the relationship between the
21      party and the person or entity having actual possession of the document.  The
     requisite relationship is one where a party can order the person or entity in actual
22      possession of the documents to release them.  This position of control is usually
     the result of statute, affiliation or employment.  Control may be established by the
23      existence of a principal-agent relationship.

24      Plaintiff seeks to compel further response to his requests for Production of Documents

25 (POD) Nos. 1 through 12.  Plaintiff again generally contends that his requests are relevant.

26      **1.    POD No. 1**

27 <u>Request:</u>        The full name of each of the eight (8) defendants still apart of this
              complaint; and their present whereabouts - whether that be work place of
28               home address: K. Reed; J. Gonzales; R. Fisher; MD: McGuinness; MD:

4

1          Patel Ismail; E. Henry; J. Flory; R. Thomas.

2   Response:        Defendants object to this request on the grounds that it is an interrogatory,
                     is not a request to produce an identifiable document, and is not reasonably
3                    calculated to lead to admissible evidence as to Defendants Flory, Henry,
                     Patel, or Thomas.  Not waiving objections, Defendants Flory, Henry, Patel,
4                    and Thomas are represented by counsel; Dr. McGuinness is retired and her
                     address is unknown; Defendants have been unable to locate the current
5                    business addresses for K. Reed, J. Gonzales, or R. Fisher.  This response
                     will be supplemented if additional information is obtained.
6

7          Defendants contend that this is an interrogatory, and that Defendants attempted to find

8   information as to K. Reed and J. Gonzales, but were unsuccessful.  Defendants Fisher and

9   McGuinness had appeared by the time of this motion.  The Court finds Defendants' response is

10  sufficient and will not compel a further response to POD No. 1.

11          **2.      POD No. 2**

12  Request A:       Any and all documents that concern or are at all relevant to, to any extent or
                     degree, any formal or informal complaint made against or about the eight (8)
13                   defendants, from any source and concerning any subject matter.  This includes,
                     but is not limited to:
14                   A)      Any and all documents that comprise or are part of the personnel file of
                             the eight (8) defendants, including the disciplinary record, any other
15                           documents concerning their training, duties performance, assignments.

16  Response:        Defendants object to this request on the grounds that it is overbroad, burdensome,
                     requests documents which are privileged under state law, and is not reasonably
17                   calculated to lead to the discovery of admissible evidence.

18          Defendants contend that Plaintiff has not explained what Plaintiff expects to discover

19  from having access to these files.  Defendants further contend that Plaintiff's request should be

20  denied based on Defendants' response in subparts B and C.

21  Request B:       Any and all documents concerning internal affairs, and the outcome of the
                     investigations.
22
23  Response:        Defendants object to this request on the grounds that it is overbroad,
                     burdensome, requests documents which are privileged under state law, and
                     is not reasonably calculated to lead to the discovery of admissible
24                   evidence.  Not waiving these objections, there are no documents
                     responsive to this request.
25
26  Request C:       Any and all documents concerning disciplinary internal review,
                     investigation done by supervision of their commanding officers during
                     their varios assignments.
27
28  Response:        Defendants object to this request on the grounds that it is overbroad,
                     burdensome, requests documents which are privileged under state law, and

5

is not reasonably calculated to lead to the discovery of admissible evidence.  Not waiving these objections, there are no documents responsive to this request.

Defendants contend that because there are no documents responsive to POD Nos. 2B and 2C, Defendants do not have to serve a further response to POD No. 2A.  The Court finds that Defendants' responses are sufficient.  Plaintiff's request in 2A is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants' objection on this ground is sustained. Plaintiff's claims are for deliberate indifference to a serious medical need and retaliation.  POD No. 2A as written does not explain what Plaintiff seeks to discover that would lead to admissible evidence.

Defendants' responses to POD No. 2B and 2C are sufficient because Defendants do not have documents responsive to this request and cannot produce what does not exist.  Defendants' objection is sustained.  Absent a showing by Plaintiff that documents responsive to these requests exist, Defendants' responses are sufficient and the Court will not compel further response from Defendants.

Request D:          Any and all documents concerning inmates complaints against the eight
                    (8) defendants, especially for retaliatory actions or for the denial of
                    medical treatment.

Response:           Defendants object to this request on the grounds that it is overbroad,
                    burdensome, requests documents which are privileged under state law, and
                    is not reasonably calculated to lead to the discovery of admissible
                    evidence.

Defendants contend that it is overly burdensome, because it would require a hand search of all appeals at KVSP.  Defendants also contend that evidence of actual prior bad acts are admissible only under limited circumstances.  Fed. R. Evid. 404.  Defendants contend that because Defendants have not been disciplined for any reason, other inmates' complaints will not be admissible evidence.

Plaintiff does not explain how these other inmates' complaints against the eight Defendants would lead to the discovery of admissible evidence.  Defendants' objection is sustained.

6

1   Request E:               Any and all Rules, Regulation, Statutes that deal with officials are not to
                                 retaliate against an inmate for filing a grievance.

2   Request F:                Any and all Rules, Regulations, Statutes that deal with inmate rights to
                                 immediate medical care.

3   Request G:               Any and all Regulation, Rules, Statutes which deal with the placement of
                                 an inmate into a institution not ready to receive inmates with "serious

4                                     illness."

5   Response:               Defendants object to this request on the grounds that it is vague, lacks
                                 foundation, and Defendants have no obligation to conduct legal research

6                                     for Plaintiff.  Not waiving objections, California Code of Regulations, title
                                 15 and the Department of Corrections and Rehabilitation Operations

7                                     Manual are available to Plaintiff in the prison law library.

8

9        Plaintiff requests information regarding which regulations, rules, and statutes are

10 applicable to his action.  Parties may conduct discovery to obtain factual information.  See Fed.

11 R. Civ. P. 26-36.  Plaintiff's request as to POD Nos. 2E through 2G are requests for legal

12 information and not proper discovery requests.  Defendants also referred Plaintiff to the prison

13 law library where these rules, regulations, and statutes can be found.  Defendants' objection is

14 sustained.

                          **3.**         **POD. No. 3**

15 Request:              Any and all documents from WILLIAM BEZDEK, as to what treatments

16                                  he ordered for plaintiff, and what was his order for follow-up treatment.

17 Response:             Defendants object to this request on the grounds that it lacks foundation, is

18                                 not reasonably calculated to lead to the discovery of admissible evidence,
                                and requests documents which are not in the possession of the Department

19                                 of Corrections and Rehabilitation.  Not waiving objections, if any
                                documents responsive to this request are in the possession of the

20                                 Department of Corrections and Rehabilitation they are in Plaintiff's
                                medical file which he may access through institutional procedures.

21

22        Defendants contend that Plaintiff's request is for medical records of an outside doctor

23 who performed Plaintiff's heart surgery.  Defendants contend that when an inmate is treated at an

24 outside hospital, those records belong to the hospital and only limited records accompany the

25 inmate back to the prison.  Defendants contend that any records of Plaintiff's surgery, if any, are

26 in Plaintiff's medical file which he can obtain through institutional procedures.  Defendants

27 further contend that Plaintiff has not explained the relevancy of these records.  Defendants

28 contend that the surgery in question occurred over a year before he was transferred to KVSP.

1 | Defendants contend that what is relevant is the treatment Plaintiff was prescribed at Corcoran

2 | before the transfer to KVSP.

3 |       It is unclear when this heart surgery occurred, and unclear why this is related to Plaintiff's

4 | case.  Plaintiff complains in his complaint of the denial of his heart medication, which was

5 | presumably prescribed at the prison of incarceration, and not by an outside doctor.  Plaintiff's

6 | request for documents from William Bezdek, other than the documents in Plaintiff's medical file,

7 | seems unrelated to the matters pertaining to this action.  Defendants' response is sufficient, and

8 | Defendants are not required to provide further response.

9 |       **4.**     **POD Nos. 4, 7, 9, 12**

10 | Request 4:                   Requesting a time for deposition of WILLIAM BEZDEK, last known address: San Joaquin Community Hospital

11 |

12 | Request 7:                   Requesting to Depose family members, and inmates, unless Attorney General, will except through signed declarations, Plaintiff need to depose the following people:

13 | (A) JANIE WILSON, residing in Los Angeles, California
(B) SHAWNTO MARTIN SUMMEY, residing in Los Angeles, California

14 | (C) CHARLES BENDER, H-19025, residing at CORCORAN STATE PRISON
(D) DONALD R. WASHINGTON, residing at CORCORAN STATE PRISON

15 | (E) UNDRA PORTER, C-99784, residing at CORCORAN STATE PRISON.

16 | Request 9:                   Any and all inmate not transferred to another facility that was residing in building one on the night of FEBRUARY 5, 2007, especially in "A"

17 | section; right to depose.

18 | Request 12:                Plaintiff seek to depose Sgt. Sobbe, who granted the 602 on March 28, 2007, unless the Attorney Generals, will except her findings to be true.

19 |

20 | Defendants contend that Plaintiff's requests are not proper requests for production of an

21 | identifiable document.  Defendants contend that Plaintiff cannot compel Defendants or their

22 | counsel to conduct depositions for Plaintiff.

23 |       Plaintiff appears to be requesting that Defendants or their counsel arrange for a deposition

24 | to take place.  Plaintiff's request is not a request for the production of documents.  Defendants'

25 | objections are sustained.

26 |       **5.**     **POD No. 5**

27 | Request:                    A factual copy listing every inmate sent back to the institution Corcoran during conversion to KVSP Delano II, in 2005; and all relative documents

28 | guide-line to be followed if inmate illness was to serious to keep them at

1      the institution KVSP Delano.

2   Response:          Defendants object to this request on the grounds that it is over broad,
                       burdensome, lacks foundation, is not reasonably calculated to lead to the
3                      discovery of admissible evidence, is incomprehensible, and is a request to
                       compile documents which do not exist.
4
           Defendants contend that no such documents exist, and Plaintiff cannot compel the
5
   compilation of such documents.  Defendants contend that they cannot locate any guidelines
6
   regarding inmates too ill to be retained at KVSP.  Defendants contend that the transfer of an
7
   inmate from Corcoran to KVSP and back to Corcoran is not admissible to prove Plaintiff should
8
   have been returned to Corcoran because KVSP did not have a pharmacy on the prison grounds.
9
           The Court cannot order the production of documents that Defendants attest does not exist.
10
   Absent a showing by Plaintiff that such documents do exist, Defendants' response is sufficient.
11
                       5.      POD No. 6
12
   Request:          A copy of ambulance emergency responding to "C yard" from HCH facility
13                   hospital, during the of March-May of 2004; the names of each inmate and reason
                     form "ambulance" response, at CORCORAN STATE PRISON.
14
   Response:          Defendants object to this request on the grounds that it is overbroad, burdensome,
15                   is not reasonably calculated to lead to the discovery of admissible evidence, and
                     requests the confidential medical information of other inmates, protected by
16                   federal law.  Not waiving objections, Plaintiff may access his medical records
                     through institutional procedures.
17
           Defendants contend that Plaintiff's request has no relevance to this action.  Defendants do
18
   not contest that Plaintiff had heart surgery while incarcerated at Corcoran.  Defendants contend
19
   that Plaintiff can request any document related to his medical history through institutional
20
   procedures.
21
           Plaintiff's request does not appear reasonably calculated to lead to the discovery of
22
   admissible evidence.  Plaintiff does not explain why he seeks information as to an emergency
23
   transport from March through May 2004, which occurred before the events giving rise to this
24
   action.  Defendants' response is sufficient, and they are not required to provide a further
25
   response.
26
                       6.      POD Nos. 9, 10, 11
27
           POD No. 9 also concerned a request for a list of inmates who were in Building 1 on the
28
                                            9

1  date Plaintiff was transferred.  Defendants contend that this list does not exist.  Defendants

2  further contend that he was housed in Building 2, Facility B and later transferred to Building 7,

3  Facility D.  Defendants contend that this will not lead to any admissible evidence or witnesses.

4        Plaintiff does not explain why he requests this list of inmates, and how this information

5  would lead to admissible evidence.  Defendants' response is sufficient, and Defendants are not

6  required to furnish a further response.

7  Request No. 10:          All copies and documents concerning the transfer of inmates from "A"
                            section one (1) building the night of February 5, 2007?
8

9  Response:                Defendants object to this request on the grounds that it is over broad,
                            burdensome, requests confidential records of other inmates, and is not
                            reasonably calculated to lead to the discovery of admissible evidence.  Not
10                          waiving objections, Attachment 1 is a record of Plaintiff's transfer from B-
                            Facility, Building 2, to D-Facility, Building 7, on February 5, 2007.
11

12        Defendants contend that Plaintiff has not identified a facility or a building that would lead

13  him to any relevant evidence.  Defendants contend that they should not be compelled to compile

    documents which will not lead to admissible evidence.
14

15        Again, it is unclear why Plaintiff is seeking information as to all documents concerning

16  the transfer of inmates.  Defendants did respond by sending Plaintiff a record of his transfer from

17  B-Facility, Building 2, to D-Facility, Building 7, on February 5, 2007.  Absent a showing by

18  Plaintiff that other documents exist which are responsive to Plaintiff's request, Defendants'

    response is sufficient.  The Court will not compel further response from Defendants.
19

20  Request No. 11:          Names of all officials responsible for ordering and carring out those
                            orders?
21
    Response:                Defendants object to this request on the grounds that it is
22                          incomprehensible, and is not a request to produce and identifiable
                            document.
23

24  Defendants contend that Attachment 1, submitted in response to POD No. 10, was the only

25  document that Defendants could locate concerning Plaintiff's transfer.  Defendants also contend

    that Plaintiff's request does not explain what he means by "orders."
26

27        It is unclear from POD No. 11 what information Plaintiff is seeking.  Absent a showing

28  by Plaintiff that other responsive documents exist, Defendants' response is sufficient and the

1  Court will not compel a further response.

2  **III.**  **Conclusion and Order**

3       Based on the foregoing, it is HEREBY ORDERED that:

4       1)     Plaintiff's motion to compel further responses to Requests For Admission Nos. 1

5            through 4 (Set One) on Defendant Thomas are DENIED;

6       2)     Plaintiff's motion to compel further responses to Interrogatories Nos. 5 and 6 (Set

7            One) on Defendant Patel are DENIED;

8       3)     Plaintiff's motion to compel further responses to Requests for Production of

9            Documents Nos. 1 through 12 (Set One) are DENIED;

10       4)     Plaintiff is GRANTED **thirty (30) days** from the date of service of this order in

11            which to re-submit his requests for admission Nos. 5 through 9, Set One, on

12            Defendant Thomas. Plaintiff must style the request in the form of an admission,

13            and not an interrogatory.  Defendant Thomas will then have **twenty (20) days**

14            from the date of service of the admission requests in which to serve his response.

15            A motion to compel, if any, is due within **twenty (20) days** after the responses are

16            served; and

17       5)     Plaintiff is GRANTED **thirty (30) days** from the date of service of this order in

18            which to re-submit Interrogatory No. 7, Set One, on Defendant Patel.  Defendant

19            Patel will then have **twenty (20) days** from the date of service of the interrogatory

20            in which to serve a response.  A motion to compel, if any, is due within **twenty**

21            **(20) days** after the response is served.

22      IT IS SO ORDERED.

23      **Dated:**    **April 1, 2010**          **/s/ Dennis L. Beck**

                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28