# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL EARL MARTIN, | CASE NO. 1:08-cv-00415-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| JEANNE S. WOODFORD, et al., | (Doc. 54) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Claudell Earl Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 2, 2009, Defendant McGuinness filed a motion to dismiss on the grounds that Plaintiff's claim against him is barred by the applicable statute of limitations. (Doc. #54.) On November 3, 2009, Plaintiff filed an opposition to Defendant's motion to dismiss.[1] (Doc. #57.) On November 12, 2009, Defendant filed a reply to Plaintiff's opposition. (Doc. #58.) On February 17, 2010, Plaintiff filed an "Amended Objection to Defendant McGuinness[sic] Request for Dismissal."[2] (Doc. #74.)

///

---

[1] Plaintiff's opposition is styled as an "Objection to Defendant McGuinness Request for Dismissal." The Court will refer to Plaintiff's filing as an "opposition." However, citations to Plaintiff's filing will use the title provided by Plaintiff ("Objection").

[2] Plaintiff's filing is improper. Plaintiff has not requested leave to file an amended opposition and the Court did not ask for an amended opposition. Normally, the Court would disregard such an improper opposition when ruling on a motion. However, having read Plaintiff's amended opposition, the Court also notes that it does not raise any arguments that preclude the dismissal of Plaintiff's claim. The Court will address Plaintiff's arguments in these Findings and Recommendations.

1

## I. Background

### A. Plaintiff's Claim Against Defendant McGuinness

Plaintiff's complaint concerns events that occurred while Plaintiff was incarcerated at Kern Valley State Prison (KVSP). Plaintiff claims that Defendant McGuinness is a physician at KVSP. (Compl. 6.) Plaintiff alleges that he has heart-related health issues. (Compl. 8.) Plaintiff was transferred from Corcoran State Prison to KVSP on July 27, 2005. (Compl. 8.) Plaintiff was seen by Defendant McGuinness on August 5, 2005. (Compl. 8.) Plaintiff told McGuinness that he only had a few days worth of his heart medication and McGuinness told Plaintiff that he would receive more heart medication in a couple days. (Compl. 8-9.) However, Plaintiff complains that he did not receive any of his prescribed medications until one month after he saw McGuinness. (Compl. 9.)

On August 11, 2005, Plaintiff still had not received his medication and filed a "602 grievance" about his medication. (Compl. 9.) Plaintiff filed a second grievance on September 5, 2005 after he "only received a portion of [his] medication." (Compl. 9.) Plaintiff claims that McGuinness knew that KVSP did not have sufficient medical facilities to provide treatment for Plaintiff. (Compl. 13.) Specifically, Plaintiff claims McGuinness knew that KVSP did not have a pharmacy. (Compl. 13.) Plaintiff contends that McGuinness was deliberately indifferent to Plaintiff's medical needs because McGuinness should have arranged for Plaintiff to be transferred back to Corcoran State Prison in order to receive proper treatment. (Compl. 13.)

### B. Defendant's Motion to Dismiss

Defendant McGuinness argues that he is entitled to dismissal on the ground that Plaintiff's claim against him is barred by the applicable statute of limitations. Defendant argues that a two-year statute of limitations governs Plaintiff's Section 1983 claim against Defendant. (Mem. of P. & A. in Supp. of Mot. to Dismiss Def. McGuinness 2:22-3:5.) This action was initiated on March 21, 2008. Defendant argues that any claim that accrued prior to March 22, 2006, is barred by the statute of limitations. (P. & A. in Supp. of Mot. to Dismiss 4:3-4.) Defendant notes that Plaintiff claims that Defendant examined Plaintiff and prescribed treatment on August 5, 2005. (P. & A. in Supp. of Mot. to Dismiss 4:4-5.) Defendant further notes that Plaintiff filed an administrative appeal on August 11, 2005 about his medication. (P. & A. in Supp. of Mot. to Dismiss 4:6-7.) Since the

1 events in his complaint took place long before March 22, 2006, Defendant argues that Plaintiff's
2 claim against Defendant McGuinness is barred by the statute of limitations.

3   **C.**   **Plaintiff's Opposition**

4   Plaintiff argues that his claim against Defendant McGuinness is not barred by the statute of
5 limitations because his claim should not accrue until he knew that McGuinness was liable.
6 Defendant argues that at the time he filed his grievances, "Plaintiff [had] not accused anyone in
7 specific for the wrong being done to him." (Objection to Defendant McGuinness' Request for
8 Dismissal 2.) Specifically, Plaintiff claims that when he filed his administrative grievances, he did
9 not know that McGuinness was "breaking the law by not giving him his medication." (Objection
10 5.) Plaintiff further argues that he is entitled to tolling of the statute of limitations because "the
11 source of Plaintiff's mis-understanding[sic] can be-shown[sic] to be the misrepresentations by the
12 defendant or its agents." (Objection 5.) Plaintiff further contends that "after being stop[sic] by road-
13 block and road block . . . he simply felt it was nothing he could do until his celly came into his cell
14 and . . . help[sic] Plaintiff to refile his action." (Objection 6.) In sum, Plaintiff argues that the Court
15 should not dismiss this complaint on statute of limitations grounds because "the administration can
16 not block the way of plaintiff making the bar . . .and then expect the federal court not to deal with
17 the violations of federal law." (Objection 6.)

18   **D.**   **Defendant's Reply**

19   Defendant argues that the attachment to Plaintiff's complaint demonstrates that Plaintiff had
20 actual knowledge of the claimed injury and who was allegedly responsible on August 11, 2005.
21 (Reply of Def. McGuinness to Opp'n to Mot. to Dismiss 3:1-6.) Defendant notes that Plaintiff
22 submitted an administrative appeal on August 11, 2005 that asserted that his medications had run
23 out and that the failure to provide him with medication constituted deliberate indifference. (Reply
24 3:3-6.) Plaintiff's appeal was granted at the informal level and the response stated that Plaintiff was
25 seen by McGuinness on August 5, 2005. (Reply 3:6-8.) Plaintiff pursued his appeal to the first
26 formal level of September 5, 2005. (Reply 3:8-9.) In his appeal, Plaintiff identified the medication
27 that he believed he should be receiving and described the failure to provide those medications as
28 "gross incompetence," and that the issue would be "remedied in a court setting for monetary value."

(Reply 3:9-12.) Defendant argues that the appeals demonstrate that Plaintiff was fully aware of all the facts related to his injuries in 2005.

Defendant also argues that Plaintiff is not entitled to tolling of the statute of limitations. Although Plaintiff argues that Defendant's misrepresentations prevented Plaintiff from filing on time, Defendant argues that Plaintiff has not identified anything that McGuinness did to mislead Plaintiff or thwart his ability to file a lawsuit. (Reply 4:14-15.)

**II.    Discussion**

Defendant argues that Plaintiff's claim against him should be dismissed because it is barred by the applicable statute of limitations. Although Section 1983 provides a federal cause of action, the Court looks to the law of the State in which the cause of action arose to determine the length of the statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). The parties agree that under California law, this period is two years. Cal. Code Civ. Proc. § 335.1.

**A.    Accrual - Discovery Rule**

Defendant contends that Plaintiff's claim against McGuinness accrued when Plaintiff knew or had reason to know that he was not receiving his medication. Defendant argues that Plaintiff filed an administrative grievance about not getting his medication on August 11, 2005.

Plaintiff claims that Defendant McGuinness was deliberately indifferent toward Plaintiff's medical needs by failing to transfer Plaintiff back to Corcoran State Prison because McGuinness knew that KVSP did not have a pharmacy and could not provide the treatment that Plaintiff needed. Plaintiff does not allege that McGuinness was responsible for providing Plaintiff with his medication. The question is whether Plaintiff's claim accrued when Plaintiff was injured based on Defendant McGuinness' failure to transfer Plaintiff, or whether Plaintiff's claim accrued when Plaintiff became aware that McGuinness' failure to transfer Plaintiff was the cause of Plaintiff's injuries.

Although the Court looks to state law to determine the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388 (emphasis in original). "Under federal law, a claim accrues

///

4

when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

There is no dispute that Plaintiff was injured because prison officials failed to provide him with his medication and that it is this injury that is the basis of Plaintiff's claim against Defendant McGuinness. Plaintiff was aware of this injury as early as August 11, 2005, as evidenced by Plaintiff's administrative grievance. However, Plaintiff argues for an exception from the standard rule on accrual and contends that his claim against McGuinness should not accrue until Plaintiff knew that McGuinness was liable for a violation of the law.

Plaintiff requests the application of an exception akin to the "'discovery rule,' a doctrine that delays accrual of a cause of action until the plaintiff has 'discovered' it." Merck & Co., Inc. v. Reynolds, No. 08-905, 2010 WL 1655827, at *9 (U.S. Apr. 27, 2010). The discovery rule "arose in fraud cases as an exception to the general limitations rule" because "something different was needed in the case of fraud, where a defendant's deceptive conduct may prevent a plaintiff from even knowing that he or she has been defrauded." Id. (Original emphasis.) Thus, "'where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute [of limitations] does not begin to run until the fraud is discovered.'" Id. (quoting Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)) (original emphasis).

The discovery rule or similar equitable exceptions to the application of the general limitations rule have been applied in claims other than fraud, such as medical malpractice. United States v. Kubrick, 444 U.S. 111, 119-22 (1979); Augustine v. U.S., 704 F.2d 1074, 1077-78 (9th Cir. 1983); Davis v. U.S., 642 F.2d 328, 330 (9th Cir. 1981). While the general rule in tort law is that the claim accrues at the time of the plaintiff's injury, "[i]n the area of medical malpractice this has been felt to be unduly harsh in those cases where the fact of injury remains undisclosed." Davis, 642 F.2d at 330. For medical malpractice claims under the Federal Tort Claims Act, a claim "accrues when the plaintiff discovers both the existence and cause of his injury." Augustine, 704 F.2d at 1077-78 (citing Kubrick, 444 U.S. at 119-22). However, in Davis, the Court stated that "[w]ith knowledge of the fact of injury and its cause the malpractice plaintiff is on the same footing as any negligence plaintiff. The burden is then on plaintiff to ascertain the existence and source of fault within the

statutory period." Davis, 642 F.2d at 331. After Plaintiff has knowledge of the injury and its cause, "it is plaintiff's burden, within the statutory period, to determine whether and whom to sue." Id.

The Court finds that in this case, the relevant injury was the health risk caused by Plaintiff not taking his medication. Plaintiff knew that his health was at risk and the risk was caused by the failure to receive his medication. Plaintiff's knowledge of both the injury and its cause is demonstrated by the fact that he filed administrative grievances complaining about not receiving his medication. The Court's finding is also supported by the Ninth Circuit's decision in Augustine. In Augustine, the Court held that in claims premised on a medical professional's failure to diagnose or treat a pre-existing condition, "accrual . . . depends upon when and if plaintiff discovered or through the exercise of reasonable diligence should have discovered that the failure of his doctors to diagnose, treat, or warn him led to his deteriorating physical condition." Augustine, 704 F.2d at 1078 (citing Davis, 642 F.2d at 331). Here, Plaintiff knew that Defendant's failure to treat him led to his deteriorating physical condition as early as August 11, 2005, when he filed his first administrative grievance. Under Davis and Augustine, the statute of limitations began to run as early as August 11, 2005 and it was Plaintiff's burden to determine the source of fault within the statutory period.

Plaintiff's assertion that his claim accrued in 2006 is not persuasive. Plaintiff admits in his complaint that "he did nothing until a year later" after he received the screen out of his administrative grievance on September 7, 2005 because he did not "know[] what to do after being screen-out[sic]." (Compl. 9.) Plaintiff's admission that "he did nothing" demonstrates that he did not exercise reasonable diligence to discover who was liable for his injuries. Further, Plaintiff's claim that accrual occurred in 2006 has no basis in fact. Plaintiff does not provide a specific date in 2006 nor does he describe any relevant event that occurred in 2006 that would have triggered accrual. Plaintiff claims that his "celly" helped Plaintiff file this action at some point, but that alone does not save Plaintiff's claim from the statute of limitations bar. Plaintiff provides no argument as to why his "celly" helping him with his complaint has any bearing on when his claim should accrue.

**B.    Accrual - Continuing Violation**

The Court next addresses whether the continuing violation doctrine affects the accrual date

for Plaintiff's claim against Defendant McGuinness. Plaintiff argues in his amended opposition that the continuing violation doctrine applies to save Plaintiff's claim from the statute of limitations.

The continuing violation doctrine is an equitable doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort." O'Loghlin v. County of Orange, 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual . . . that . . . 'are related closely enough to constitute a continuing violation.'" Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir. 1989) (quoting Bruno v. Western Elec. Co., 829 F.2d 957, 961 (10th Cir. 1987)). However, the mere continuing impact from a past violation is not actionable under the continuing violation doctrine. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing Grimes v. City and County of San Francisco, 951 F.2d 236, 238-39 (9th Cir. 1991)).

Although the Ninth Circuit has not applied the continuing violation doctrine to Eighth Amendment deliberate indifference claims, several other circuits have. See Heard v. Sheahan, 253 F.3d 316, 318 (7th Cir.2001) (finding that continuous violation doctrine applied to defendants' deliberate indifference for the span of time that prison officials were aware of plaintiff's injury and allegedly refused to treat it); Lavellee v. Listi, 611 F.2d 1129, 1132 (5th Cir.1980) ("[T]he [arrestee's] allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."); Neel v. Rehberg, 577 F.2d 262, 263-64 (5th Cir.1978) (per curiam) (finding that where inmate alleged that jail officials failed to provide medical treatment over a three-month period, the continuous violation doctrine applied and the statute of limitations did not begin to run until the end of that period); see also Evans v. County of San Diego, No. 06 CV 0877 JM (RBB), 2008 WL 842459, at *12 (S.D. Cal. Mar. 27, 2008) (applying continuing violation doctrine to prisoner's Eighth Amendment medical treatment claim).

Even if the continuing violation doctrine could be applied to an Eighth Amendment deliberate indifference claim related to medical care, it would not apply to save Plaintiff's claim. The Court notes that Plaintiff's application of the continuing violation is clearly erroneous. Plaintiff

argues that other federal civil rights cases found that California prisons are overcrowded and the overcrowding posed an excessive risk to inmate health and safety. The continuing violation doctrine has nothing to do with whether a prior court decision found prison officials liable for deliberate indifference. Further, Plaintiff's complaint makes no mention of the overcrowding. Plaintiff's claim against McGuinness is based on the allegation that McGuinness failed to transfer Plaintiff back to Corcoran State Prison because KVSP did not have a pharmacy. Thus, the other court decisions that found unconstitutional conditions of confinement due to overcrowding are not pertinent to Plaintiff's claim against McGuinness and are not relevant to whether the continuing violation doctrine applies.

Even if the Court were to liberally construe Plaintiff's opposition to raise a proper continuing violation argument <u>and</u> the Court were to ignore the fact that Plaintiff raises this argument for the first time in an improper "amended" opposition, the continuing violation doctrine does not apply to save Plaintiff's claim. First, Defendant McGuinness' decision not to transfer Plaintiff was presumably made on August 5, 2005, the only date that Plaintiff alleges that he actually saw McGuinness. Plaintiff does not allege precisely when the decision was made, but August 5, 2005 is the only date when McGuinness saw Plaintiff and Plaintiff has not alleged any facts to suggest that the decision was made at any other time. Plaintiff's failure to receive his medication after that date is merely the continuing impact of McGuinness' decision not to transfer Plaintiff. Plaintiff's complaint fails to set forth any facts that suggest that any violations occurred after August 5, 2005. Plaintiff does not allege that McGuinness ever revisited his decision to not transfer him or that Plaintiff requested a transfer that was denied by McGuinness. Plaintiff's complaint contains no facts that suggest that McGuinness violated Plaintiff's constitutional rights within the statute of limitations period (after March 22, 2006).

Second, Plaintiff's complaint states that McGuinness violated Plaintiff's Eighth Amendment rights because McGuinness' actions caused Plaintiff to "not receive any medication from August 5, 2005 until September 5, 2005." Thus, even if the continuing violation doctrine were to apply, Plaintiff's complaint alleges that McGuinness' actions only impacted Plaintiff's ability to receive medication between August 5, 2005 to September 5, 2005. Although Plaintiff's complaint states that after September 5, 2005, he only received "a portion of his medications," there are no allegations that

8

suggest that the failure to receive all his medications after September 5, 2005 rose to the level of a constitutional violation, and it is unclear how McGuinness was responsible for Plaintiff's failure to receive all of his medications after September 5, 2005. As alleged, Plaintiff's complaint only states a claim against McGuinness for deliberate indifference that caused Plaintiff not to receive medication from August 5, 2005 to September 5, 2005. The continuing violation doctrine does not apply to renew the statute of limitations for Plaintiff's claim against Defendant McGuinness.

### C.     Tolling

Plaintiff contends that the statute of limitations should be tolled because Defendant McGuinness and the other defendants named in this action actively interfered with Plaintiff's ability to file on time. Plaintiff claims that the "source of Plaintiff's mis-understanding[sic] can be-shown[sic] to be the misrepresentations by the defendant or its agents." (Objection 5.)

In Section 1983 actions, courts apply the forum state's law regarding tolling of the statute of limitations, except to the extent that the forum state's law is inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). Under California law, equitable estoppel can preclude a defendant from asserting a statute of limitations defense where a defendant prevents a plaintiff from filing on time. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). Equitable estoppel requires a demonstration that (1) the defendant was aware of the facts, (2) the defendant intended that their conduct be acted on, or act in such a way that the party asserting estoppel had a right to believe it was so intended, (3) the plaintiff was ignorant of the true state of the facts, and (4) the plaintiff reasonably relied on defendant's conduct to his or her injury. Id. (citing Honig v. San Francisco Planning Department, 127 Cal. App. 4th 520, 529 (2005)).

Plaintiff has not identified any conduct by a Defendant in this action or any prison officials that was intended to prevent Plaintiff from filing on time. Nor has Plaintiff identified any conduct that could reasonably be characterized as intending to prevent Plaintiff from filing on time. The only discrete act of "misrepresentation" cited by Plaintiff is the fact that Plaintiff resubmitted a "screen-out dated September 7, 2005" that "was sent back to plaintiff without any response." (Objection 5.) Plaintiff contends that he could not uncover the facts necessary to determine whether McGuinness

was breaking the law because he did not receive a response to his resubmission. However, the prison's failure to respond cannot be interpreted as conduct intended to prevent Plaintiff from filing on time. Plaintiff received numerous responses from prison officials, including an administrative grievance response that specifically identified Defendant McGuinness as the doctor who addressed Plaintiff's medical needs. (Compl., Ex. B.) It is unclear what more the resubmitted September 7, 2005 screen-out would have said that would have helped Plaintiff file on time. Further, Plaintiff has not presented any persuasive argument that prison officials were obligated to say anything more in response to Plaintiff's resubmission.

Plaintiff also argues that a correctional counselor misled Plaintiff into filing late by failing to arrange an interview with Plaintiff to assist Plaintiff with filing his administrative appeal. (Am. Objection to Def. McGuinness Request for Dismissal 7.) Plaintiff's argument is unpersuasive. It is unclear how an interview with a correctional counselor would have helped Plaintiff file on time. It is Plaintiff's burden to ascertain the existence and source of fault for his claims within the applicable limitations period. Plaintiff's equitable estoppel and tolling arguments are all premised on the false presumption that prison officials bear an obligation to assist Plaintiff with his litigation by disclosing all the facts necessary to formulate his claims. Prison officials are under no obligation to actively help Plaintiff litigate his claims, aside from ensuring that Plaintiff has reasonable access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). There is no indication that any prison official lied intentionally lied to Plaintiff or otherwise intentionally obstructed Plaintiff's ability to file on time.

Even if the Court were to liberally construe Plaintiff's tolling argument and reinterpret it to focus on whether Plaintiff's obligation to exhaust his administrative remedies would toll the statute of limitations, the tolling would not be sufficient to save Plaintiff's claim from dismissal. The statute of limitations is tolled while a prisoner completes a mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). However, Plaintiff's complaint reveals that even with tolling, Plaintiff's claim is untimely. Plaintiff's administrative grievance concerning McGuinness' conduct was last submitted on September 5, 2005. (Compl., Ex. B.) The other grievances attached to Plaintiff's complaint are not relevant to Plaintiff's claim against McGuinness. Plaintiff admits

that "he did nothing" after his September 5, 2005 grievance was returned on September 7, 2005 as "screened-out." (Compl. 9.) Even if the statute of limitations was tolled between the accrual date and September 7, 2005, the date Plaintiff received a response, Plaintiff's claim against McGuinness is untimely.

### III.     Conclusion and Recommendation

The Court finds that Plaintiff's claim against Defendant McGuinness is barred by California's two year statute of limitations for personal injury actions. Plaintiff's claim against McGuinness concerns a decision that McGuinness made on or around August 11, 2005, but he did not file suit until March 21, 2008. Plaintiff's claim accrued on or around August 11, 2005. Plaintiff has not persuasively demonstrated that he is entitled to tolling of his claim.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on October 2, 2009, be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 12, 2010                          /s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE